White, J.
As the issues were finally made up, the ease was an action for the recovery of damages for fraud, alleged to have been practiced by Taylor on Leith in the sale of land.
The only errors assigned we deem it material to notice are those alleged to have occurred on the trial.
The lands were situate in Holt county, Missouri, and ■consisted of two tracts of forty acres each, and one of sixty acres; and they are described in the petition as follows: The southwest quarter of the southwest quarter of section 22 ; the northeast quarter of the northeast quarter of section 28; and the -west part of the southwest quarter of section 19, containing sixty acres.
The petition charged that the defendant, Taylor, represented the sixty-acre tract to be dry prairie land of the best quality; and the two forty-acre tracts to be good smooth *431 •timber land, well timbered with a thrifty growth of oak and black walnut trees, suitable for fencing, farming, and sawing timber, and for all other purposes for which timber is needed in connection with a farm; that it was of especial value in connection with the prairie land, to the use of which it was essential; and that it was accessible from the prairie land by a direct road, and only two and a half miles distant.
These representations are averred to have been false, and known by Taylor to have been so at the time they were made.
The petition also alleged want of title in Taylor to the northeast quarter of the northeast quarter of section 28.
The answer denied the making of the alleged representations, and also denied that the land was of the character charged in the petition.
The answer likewise set up that the northeast quarter of the northeast quarter of section 28 was inserted in the deed from the defendant to the plaintiff by mistake; that the forty acres actually sold and intended to be conveyed was the northwest quarter, instead of the northeast quarter of the quarter section. He asked for the correction of the mistake, and tendered a deed for the forty acres intended to be conveyed.
The plaintiff, in reply, denied the mistake.
Afterward, the plaintiff, on leave, withdrew that part of his claim for damages arising out of the failure of title to the forty acres, and the defendant withdrew that part of his answer relating to such failure of title.
On the trial, two exceptions were taken to the ruling of the court in excluding evidence offered by the defendant, Taylor.
1. He offered to prove that at the time of making the contract for the sale of the land in controversy the tract described in the petition as the northeast quarter of the northeast quarter of section 28 was, in fact, good smooth timber land, well timbered with a thrifty growth of oak and black walnut trees, suitable for fencing, farming, and *432 sawing timber, and for all other purposes for which timber is needed in connection with a farm; that it was accessible-from the prairie tract of sixty acres by a section line running over ground upon which a public road was practicable, at a distance of about two and one-half miles; and that the forty-acre tract in section 28 was of greater value than the forty-acre tract in section 22.-
On objection by the plaintiff, this evidence was excluded..
2. The defendant also offered to prove that the northwest quarter of the northeast quarter of section 28 was, in fact, the tract of land sold and intended to be conveyed, instead of the northeast quarter of such quarter section; that all representations as to location, character of surface, timber, and soil of the two forty-acre timber tracts described in the petition were referable to that tract taken in connection with the forty-acre tract in section 22; and that it was better timbered, of better soil, and of greater value, at the time of the sale, than the tract last named.
This evidence was also excluded on objection by the-plaintiff.
¥e think the court erred in excluding the evidence in both instances.
As to the first. the withdrawal of the claim for damages on account of the failure of title to one of the forty-acre tracts did not narrow the range of inquiry for determining whether the alleged fraud was committed; nor for determining the extent of damages, if the fraud should be established.
The deed was made with covenants of warranty, and the want of title was not set up as an element in the alleged fraud, but only as a breach of the covenants.
Viewing the case, therefore, in the aspect claimed by the plaintiff-, namely, that there was no mistake as to the land intended to be conveyed, the evidence excluded was competent, both as tending to disprove the fraud, and as tending, if the fraud should be proved, to diminish the damages.
The evidence to which the second exception relates, *433 tended to prove the case as it was claimed by the defendant, viz: that the forty-acre tract in fact sold in section twenty-eight, and to which the representations referred* was the northwest quarter of the northeast quarter, and that by mistake the tract was described in the deed as the northeast instead of the northwest quarter of the quarter' section. The evidence also tended to show that the character of the forty acres in fact sold, was such, when taken in connection with the other tract of forty acres in section twenty-two, as to rebut the charge of fraud, or lessen the damages resulting from it.
The fraudulent representations constituting the cause of action do not arise out of the deed, or depend upon it. The fraud exists independent of the deed, and arises out of what took place between the parties before the deed was made. ’The deed, therefore, is no impediment to inquiring into the real transaction between the parties in so far as it bears on the question of fraud, or the extent of damages.
The parties haying given evidence tending to prove the issues on their respective parts, the defendant requested the court to instruct the jury as follows : “ That to constitute fraud, there must have been bad faith on the part of the defendant; that is, the representations by the defendant must have been not only false, but knowm by the defendant to be false, or such as he had no good reason to believe to be true.”
. This instruction the court refused to give as asked, but gave it with the following addition : “ or did not know to be true.”
In giving the instruction with the qualification added, we think the court erred. The instruction, as given, was calculated to mislead the jury by giving them to understand that representations which were untrue in fact, would give a cause of action, although they may have been founded in mere mistake.
The representations in question related to the sale of land, and, unlike, representations in the sale of personal *434 ■chattels, there can be no recovery as upon a verbal warranty. Nor do the doctrines sometimes applied by courts ■of equity in granting relief, apply to cases like the present. Wilcox v. Iowa Wesleyan University, 32 Iowa, 367.
The present action is brought to recover damages for fraud or deceit practiced in the sale of land. To constitute a cause of action there must be bad faith. If the representations, when made, were believed to be true, and the facts of the case were such as to justify the belief, there is no fraud or deceit, and there can be no recovery.
Objections are also taken in argument to the general charge. I^ut the exception was not so taken as to entitle the party to have the charge reviewed on mere questions •of law. Adams v. The State, 25 Ohio St. 584.
Leave granted ; judgment of the District Court and that •of the Court of Common Pleas reversed, and cause remanded for a new trial.
Welch, C. J. Rex, G-ilmore, and McIlvaine, JJ., concurred.